IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

ISAAC GREEN,                          )
                                      )
           Plaintiff,                 )
                                      )
    v.                                )          CV 114-045
                                      )
CAROLYN W. COLVIN, Acting             )
Commissioner of Social Security       )
Administration,                       )
                                      )
           Defendant.                 )
_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Isaac Green ("Plaintiff"), who is proceeding *pro se*, appeals the decision of the

Commissioner of Social Security ("Commissioner") denying his application for Supplemental

Security Income ("SSI") and Disability Insurance Benefits ("DIB") under the Social Security

Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the

relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the

Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a

final judgment be **ENTERED** in favor of the Commissioner.

## I.    BACKGROUND

Plaintiff protectively applied for SSI and DIB on October 7, 2010, initially alleging a

disability onset date of January 5, 2010. R. at ("R."), p. 132. The Social Security Administration

denied Plaintiff's applications initially, R. at 97-98, and on reconsideration, R. at 99-100.

Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), R. at 113, and

the ALJ held a hearing on June 13, 2012, R. at 58-96. At the hearing, the ALJ heard testimony

from Plaintiff, who was represented by counsel, and Mr. Hewitt, a Vocational Expert ("VE").

Id. On July 25, 2012, the ALJ issued an unfavorable decision. R. at 14-21.

Applying the five-step sequential process required by 20 C.F.R. § 404.920, the ALJ

found:

1. The claimant has not engaged in substantial gainful activity since the alleged onset date (20 C.F.R. §§ 404.1571 *et seq*., and 416.971 *et seq*.).

2. The claimant has the following severe impairments: degenerative disc disease in spine and a scrotal mass (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform light work[1] as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except he can only perform occasional balancing, stooping, kneeling, crouching, crawling, and climbing of ramps and stairs. The claimant cannot climb ladders, ropes, or scaffolds (20 C.F.R. §§ 404.1565 and 416.965). The claimant is capable of performing past relevant work as a circulation-sales representative, automobile salesperson, and sales supervisor of beverages/liquors. This work does not require the performance of work-related activities precluded by the claimant's residual functioning capacity (20 CFR 404.1565 and 20 CFR 416.965).

---

[1]"Light work" is defined as work that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

R. at 16-21.

When the Appeals Council denied Plaintiff's request for review, R. at 5-7, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal of the adverse decision. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because (1) the ALJ improperly assessed Plaintiff's functional limitations from his spinal issues, and (2) as a result of these issues, Plaintiff is unable to perform his previous work. (See generally doc. no. 11 ("Pl.'s Br.").) The Commissioner maintains that the decision to deny Plaintiff's application is supported by substantial evidence and should therefore be affirmed. (See doc. no. 12 ("Comm'r's Br.").)

## II.     STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is

"more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" <u>Martin v. Sullivan</u>, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting <u>Bloodsworth</u>, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. <u>Id.</u> Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. <u>McCruter v. Bowen</u>, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. <u>Brown v. Sullivan</u>, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. <u>Wiggins v. Schweiker</u>, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. The ALJ's Finding That Plaintiff Was Not Disabled Is Supported by Substantial Evidence.

Plaintiff, who is proceeding *pro se*, argues that the ALJ did not adequately notice and address his impairments from degenerative disc disease of the spine. (<u>See</u> doc. no. 11, pp. 1, 6.) However, the Court finds that the ALJ carefully considered the medical evidence of record and Plaintiff's testimony and cited substantial evidence in support of the finding that Plaintiff's claims of completely disabling symptoms were not fully credible. R. at 20.

First, the ALJ addressed records from a visit to Trinity Hospital ("Trinity") in 2009 which demonstrated largely unremarkable findings and nothing that would show greater limitations than those included in the ALJ's RFC assessment. In that visit, Plaintiff reported to Trinity's emergency room with pain in his neck, right arm, and right leg following a motor vehicle accident. R. at 345. Physical examination of Plaintiff's neck revealed only mild spasm of the paracervical musculature bilaterally, with minimal tenderness to palpation. R. at 346. Plaintiff still had full range of motion in his neck without pain. R. at 346. Physical examination of Plaintiff's right arm and right leg revealed mild to moderate tenderness but with full range of motion. R. at 346. Trinity's records also indicate Plaintiff was able to ambulate independently and perform all activities of daily living without assistance. R. at 348. X-rays of Plaintiff's cervical spine revealed a loss of normal curvature in the middle region and degenerative disc changes in the middle and lower regions, but were otherwise unremarkable and revealed no acute change. R. at 352. X-rays of Plaintiff's right hip were also unremarkable R. at 351. Plaintiff was discharged from Trinity on the same day he reported to the emergency room. R. at 348.

Records from Plaintiff's treatment following a fall on a slick surface in September 2010 also support the ALJ's RFC assessment. R. at 18. When Plaintiff visited Trinity's emergency room following the fall, he was ambulating independently and had a normal gait. R. at 252. An x-ray of Plaintiff's pelvis was unremarkable, and he was discharged from Trinity with a diagnosis of only a contusion to his left gluteus maximus. R. at 256, 261. Plaintiff's treating chiropractor reviewed x-rays of Plaintiff's spine taken after the fall which showed mild findings. R. at 355. Further, Plaintiff's treating chiropractor prescribed only

conservative care. R. at 305. Dr. Hudson's examination report dated September 2011 also found Plaintiff hadfull strength throughout all of his extremities despite multilevel degenerative changes in his cervical and lumbar spine. R. at 356-57.

After assessing the medical evidence, the ALJ found that Plaintiff's claims of disabling symptoms were not fully credible. R. at 19-20. The ALJ found Plaintiff's claims were undermined by the minimal and conservative treatment that Plaintiff had received for his allegedly disabling symptoms. In elaborating upon this credibility finding the ALJ explained as follows:

> There is no evidence he has been recommended for physical therapy, steroid injections, or any surgery on his spine. Further, there are large gaps in treatment of months at a time, with no treatment whatsoever. The claimant's failure to seek medical treatment for such long periods of time indicates tolerable pain and undermines the claimant's allegations of disabling symptoms.

The ALJ also found that Plaintiff's treatment records all coincide with periods in which he was involved in lawsuits and that he had rarely sought treatment outside of these periods. R. at 20. The ALJ found that the suggestion of secondary gain by this timing also undermined Plaintiff's credibility. R. at 20. In articulating specific and valid reasons for finding Plaintiff only partially credible, the ALJ adequately supported his determination by substantial evidence. See Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005).

In sum, Plaintiff's argument that the ALJ did not adequately examine his impairments is clearly contradicted by the record. The ALJ thoroughly examined the records related to Plaintiff's spinal issues and discredited Plaintiff's testimony of completely disabling symptoms with substantial evidence supporting the RFC determination.

**B.    The ALJ's Conclusion That Plaintiff Is Capable of Performing Past Relevant Work Is Supported by Substantial Evidence.**

Plaintiff also summarizes his past work and asserts that "doing these jobs again would be very difficult for me."  (Doc. no. 11, p. 3.)  However, it is Plaintiff's burden to prove not only that he cannot his perform past relevant work as he actually performed it but also as it is generally performed in the national economy.  See Waldrop v. Comm'r of Soc. Sec., 379 F.App'x 948, 953 (11th Cir. 2010).  The record demonstrates that substantial evidence supports the ALJ's finding that Plaintiff could perform his past relevant work as generally performed in the national economy,

At the hearing, the ALJ asked the VE to identify the occupations that constitute Plaintiff's past relevant work.  R. at 93.  The VE identified the following occupations: circulation-sales representative, automobile salesperson, and sales supervisor of beverages/liquors.  R. at 93.  The ALJ then asked the VE whether a hypothetical individual with  the same age, education, work experience, and RFC as Plaintiff could perform any of Plaintiff's  past relevant work as such work is generally performed in the national economy.  R. at 93-94.   The VE responded that such an individual could perform all of Plaintiff's past relevant work as performed in the national economy as they all corresponded with light work.  R. at 94.  This response constitutes substantial evidence to support the ALJ's finding that Plaintiff  could perform all his past relevant work as it is generally performed in the national economy.  See Waldrop,379 F.App'x at 952-53.  Consequently, Plaintiff's claims that he cannot perform his past work as he performed it is inapposite to the ALJ's conclusion.

## IV.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 27th day of March, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA